FILED12 JUN '13 15:05usDC-ORP

**IN THE UNITED STATES DISTRICT COURT**  **UNDER SEAL**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

v.

**COREY WYATT and
KIMBERLY SCOTT WYATT,**

**Defendants.**

Case No. 3:13-cr-00271-KI

**INDICTMENT**

**18 U.S.C. §§ 371, 922(a)(6), 922(d),
924(d), 2, 3, and 4; and
28 U.S.C. § 2461(c)**

**UNDER SEAL**

### THE GRAND JURY CHARGES:

### COUNT 1

#### (Conspiracy)

From on or about July 4, 2011, and continuing as late as September 8, 2011, in the District of Oregon, **COREY WYATT** and **KIMBERLY SCOTT WYATT**, defendants herein, and others whose identities are known to the grand jury, did knowingly and intentionally conspire to commit offenses against the United States, as follows:

a) to unlawfully obtain a firearm for David Joseph Pedersen, a/k/a "Joey Pedersen," charged elsewhere, by **KIMBERLY SCOTT WYATT** making a false statement on ATF Form 4473 in order to obtain the firearm, in violation of Title 18, United States Code, Section 922(a)(6); and

b) to willfully and unlawfully transfer a firearm to David Joseph Pedersen, a/k/a "Joey Pedersen," charged elsewhere, knowing that David Joseph Pedersen, a/k/a "Joey Pedersen," was a convicted felon, prohibited from possessing a firearm, in violation of Title 18, United States Code, Section 922(d).

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon:

1) On or about July 4, 2011, defendant **COREY WYATT**, David Joseph Pedersen, a/k/a "Joey Pedersen," and another person whose identity is known to the grand jury, discussed the need for David Joseph Pedersen, a/k/a "Joey Pedersen," a felon, to obtain a firearm;

2) During the discussion referenced in Overt Act 1, defendant **COREY WYATT** suggested that **KIMBERLY SCOTT WYATT** (then **KIMBERLY SCOTT**) could obtain the firearm for David Joseph Pedersen, a/k/a "Joey Pedersen";

3) Between July 4, 2011, and September 8, 2011, defendants **COREY WYATT** and **KIMBERLY SCOTT WYATT**, as well as David Joseph Pedersen, a/k/a "Joey Pedersen," and another person whose identity is known to the grand jury, shopped together for a firearm;

4) On or about August 12, 2011, **KIMBERLY SCOTT WYATT** (then **KIMBERLY SCOTT**) purchased a Hi Point, Model C-9, 9mm luger pistol, serial number P1577584; and

5) Between August 12, 2011, and September 8, 2011, David Joseph Pedersen, a/k/a "Joey Pedersen," obtained the firearm referenced in Overt Act 4.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

### (Straw Purchase of Firearm)

On or about August 12, 2011, in the District of Oregon, **COREY WYATT** and **KIMBERLY SCOTT WYATT**, defendants herein, in connection with the acquisition of a firearm from a licensed firearms dealer, knowingly made a false statement intended and likely to deceive the dealer with respect to a material fact concerning the lawfulness of the firearm sale,

**Indictment**                                                                                           **Page 2**

that is, misrepresented on ATF Form 4473 that **KIMBERLY SCOTT WYATT** (then

**KIMBERLY SCOTT**) was the actual purchaser of a Hi Point, Model C-9, 9mm luger pistol,

serial number P1577584, when in fact she was purchasing the firearm for David Joseph

Pedersen, a/k/a "Joey Pedersen," a prohibited person, charged elsewhere, and aided and abetted

the same, in violation of Title 18, United States Code, Section 922(a)(6) and Section 2.

## COUNT 3

### (Unlawful Disposition of Firearm)

Between July 4, 2011, and September 8, 2011, in the District of Oregon, **COREY**

**WYATT** and **KIMBERLY SCOTT WYATT**, defendants herein, knowingly disposed of a

firearm, that is a Hi Point, Model C-9, 9mm luger pistol, serial number P1577584, to David

Joseph Pedersen, a/k/a "Joey" Pedersen, charged elsewhere, knowing and having reasonable

cause to believe that David Joseph Pedersen, a/k/a "Joey" Pedersen, had been convicted of a

crime punishable by imprisonment for a term exceeding one year, and aided and abetted the

same, in violation of Title 18, United States Code, Section 922(d) and Section 2.

## COUNT 4

### (Accessory After the Fact)

On or about September 27, 2011, and continuing through on or about September 28,

2011, **COREY WYATT** and **KIMBERLY SCOTT WYATT**, defendants herein, knowing that

an offense against the United States had been committed by David Joseph Pedersen, a/k/a "Joey

Pedersen," and Holly Ann Grigsby, that is, kidnapping resulting in death in violation of Title 18,

United States Code, Section 1201(a)(1); use of a firearm during and in relation to a federal crime

of violence, in violation of Title 18, United States Code, Section 924(c); and transportation of a

stolen motor vehicle in interstate commerce, in violation of Title 18, United States Code, Section

**Indictment**                                                                                          **Page 3**

2312; charged elsewhere, received, relieved, comforted, and assisted David Joseph Pedersen, a/k/a "Joey Pedersen," and Holly Ann Grigsby, in order to hinder and prevent their apprehension, trial, and punishment, in violation of Title 18, United States Code, Section 3.

## COUNT 5

### (Misprision of a Felony)

From on or about September 27, 2011, and continuing until at least October 2011,

**COREY WYATT** and **KIMBERLY SCOTT WYATT**, defendants herein, knowing that a felony offense against the United States had been committed by David Joseph Pedersen, a/k/a "Joey Pedersen," and Holly Ann Grigsby, that is, kidnapping resulting in death in violation of Title 18, United States Code, Section 1201(a)(1); use of a firearm during and in relation to a federal crime of violence, in violation of Title 18, United States Code, Section 924(c); and transportation of a stolen motor vehicle in interstate commerce, in violation of Title 18, United States Code, Section 2312; charged elsewhere, concealed and did not as soon as practical disclose the same to a judge or other person in civil authority under the United States, in violation of Title 18, United States Code, Section 4.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Forfeiture Allegation**

Upon conviction of an offense listed in Counts 1, 2, or 3 above, **COREY WYATT** and

**KIMBERLY SCOTT WYATT**, defendants herein, shall forfeit to the United States pursuant to

Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c),

the firearm involved in such offense(s), that is: a Hi Point, Model C-9, 9mm luger pistol, serial

number P1577584.

DATED this __11__ day of June 2013.

A TRUE BILL

_____
OFFICIATING FOREPERSON

Presented by:

S. AMANDA MARSHALL
United States Attorney

_____
JANE SHOEMAKER
Assistant United States Attorney

_____
HANNAH HORSLEY
Assistant United States Attorney

**Indictment**                                                                                    **Page 5**