

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*   *(503) 727-1000*
*Portland, OR 97204-2902*   *Fax (503) 727-1117*

December 17, 2013

Terri Wood
Law Office of Terri Wood, PC
730 Van Buren Street
Eugene, OR 97402

      Re:    *United States v. Corey Wyatt*, Case No. 13-cr-00271-KI
             Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any other charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to the following counts of the indictment:

    (a)    Count 3, charging unlawful transfer of a firearm to a known felon, in violation of 18 U.S.C. § 922(d); and

    (b)    Count 4, charging accessory after the fact to the interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 3.

3.    **Penalties**:

    (a)    Count 3: the maximum sentence is 10 years' imprisonment, a fine of up to $250,000, three years of supervised release, and a $100 fee assessment.

    (b)    Count 4: the maximum sentence is 5 years' imprisonment, a fine of up to $125,000, three years of supervised release, and a $100 fee assessment.

Defendant agrees to pay the combined total $200 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**:  The USAO will move to dismiss the remaining counts in the Indictment at sentencing, and to strike the kidnapping and use of a firearm predicates alleged in Count 4 of

Revised 02/03/10

Terri Wood
Re: *Wyatt* Plea Letter
Page 2

---

the Indictment. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

7.  **Advisory Guidelines Calculation**: The parties agree to the following United States Sentencing Guideline calculations for Count 3:

    | | |
    |---|---|
    | 24 | Base Offense Level based on U.S.S.G. § 2K2.1(a)(2) |
    | +4 | transferred with reason to know firearm would be used in felony (§ 2K2.1(b)(6)(A)) |
    | 28 | Adjusted offense level |

The parties agree to the following United States Sentencing Guideline calculations for Count 4:

| | |
|---|---|
| 6 | Base Offense Level based on U.S.S.G. §§ 2X3.1 and 2B1.1 |
| +6 | loss more than $30,000 (§ 2B1.1(b)(1)(D)) |
| +2 | involved theft from a person (§ 2B1.1(b)(3)) |
| +2 | risk of death or serious bodily injury and possession of a firearm (§ 2B1.1(b)(15)) |
| -6 | accessory after the fact (§ 2X3.1) |
| 10 | Adjusted offense level |

The parties agree that the offense level is 28 based on § 3D1.4(c). If defendant qualifies for a reduction for acceptance of responsibility based on the conditions set forth above, the parties agree the Total Offense Level would be 25. There is no agreement concerning defendant's criminal history calculation, but the parties estimate that he is within Criminal History Category V. If the parties are correct, and the defendant qualifies for a reduction for acceptance of responsibility, the defendant's advisory guideline range would be 100 to 125 months' imprisonment.

8.  **Joint Sentencing Recommendation**: After considering the advisory sentencing guideline range and the factors outlined in 18 U.S.C. § 3553(a), the parties agree that in this particular case a sentence above the advisory guidelines is warranted and they will jointly recommend that the court grant an upward

Revised 02/03/10

Terri Wood
Re: *Wyatt* Plea Letter
Page 3

variance. The defendant agrees to seek an above-guideline sentence of not less than 144 months imprisonment. So long as defendant demonstrates an acceptance of responsibility as explained above, the USAO agrees to recommend that the court impose a term of imprisonment of 180 months. The parties agree to jointly recommend that the court impose a three-year term of supervised release. The parties further agree to recommend that the sentence be imposed to run concurrently with any sentence imposed in Oregon Circuit Court for Hood River County, Case Number 130007CR, and concurrently with any sentence imposed in Oregon Circuit Court for Wasco County, Case Number CR13207.

9. **No Additional Departures, Adjustments, or Variances**: The parties have agreed upon what they believe is an appropriate sentence in this case, and they will not seek any other departures, adjustments, or variances from the jointly recommended sentence, except as specified in writing and signed by all parties.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or ~~(3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.~~ Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11. **Forfeiture/Abandonment of Firearm**: Defendant knowingly and voluntarily abandons and agrees to forfeit his interest in the firearm involved in the offense charged in Count 3, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), including the following: a Hi Point, Model C-9, 9mm luger pistol, serial number P1577584.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is

Revised 02/03/10

Terri Wood
Re: *Wyatt* Plea Letter
Page 4

---

relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16. **Deadline**: This plea offer expires if not accepted by December 16, 2013.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

*[signature]*

JANE SHOEMAKER
Assistant United States Attorney

*[signature]*

HANNAH HORSLEY
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I wish to plead guilty because, in fact, I am guilty.

12-18-13
Date

*[signature]*
COREY WYATT
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12-18-13
Date

*[signature]*
TERRI WOOD
Attorney for Defendant

Revised 02/03/10